**HOUSTON, EAST & WEST TEXAS RY. CO.
v. MATHEWS. (No. 964—5096.)**

Commission of Appeals of Texas, Section B.
Jan. 9, 1929.

Baker, Botts, Parker & Garwood and Garrison & Watson, all of Houston, and Mantooth & Denman, of Lufkin, for plaintiff in error.

Collins & Collins, of Lufkin, for defendant in error.

SHORT, P. J. The defendant in error, Mathews, recovered a judgment against the plaintiff in error in the district court of Angelina county for $2,000, of which $1,500 was actual damages and $500 exemplary. From this judgment an appeal was perfected to the Court of Civil Appeals of Beaumont, and there it was affirmed. 1 S.W.(2d) 754. The Supreme Court having granted plaintiff in error's application for the writ of error, the record is before us for disposition in the ordinary way.

The defendant in error's petition alleged that while he was lawfully on the train of the plaintiff in error as a passenger traveling from the city of Shreveport, La., to the town of Lufkin, in Angelina county, on the 6th of November, 1926, its conductor, one Bert Glass, acting within the scope of his apparent authority as such conductor, willfully and without provocation, assaulted defendant in error by striking him over the head with a railroad lantern, and also cursed and abused him without cause, as a result of which the defendant in error suffered great physical pain and endured much mental humiliation, and on account of which physical injuries he lost considerable time and suffered financial loss. The plaintiff in error's answer embraced a general demurrer and general denial only.

The application for writ of error contains 70 printed pages and discusses 13 assignments of error. Since we have reached the conclusion that the case should be retried and that many of the matters presented in the application may not arise upon another trial, it will not be necessary to discuss all of them.

The case was tried in the district court upon special issues, the material allegations in the petition being sustained except as hereinafter noted by ample testimony, though there was testimony equally ample upon the part of the plaintiff in error to have justified a verdict in its favor. In other words, the testimony introduced by the defendant in error proved a willful and unprovoked assault and the infliction of serious injuries and the imposition of much mental humiliation upon the defendant in error; while, upon the contrary, that of the plaintiff in error was sufficient to prove that whatever injuries which were inflicted and humiliation suffered by the defendant in error were the result of his own misconduct.

■■ According to the answers made to the several special issues submitted to the jury, the defendant in error, while occupying the relation of passenger on one of the trains belonging to the plaintiff in error, was willfully assaulted and intentionally struck with a railroad lantern by the conductor in charge of the train, which assault and battery was not provoked by the defendant in error, nor was the conductor acting in his necessary self-defense against unlawful violence offered by the defendant in error at the time, and that the actual damages sustained by the defendant in error as the direct, natural, and proximate consequence of the assault and battery amounted to $1,500, and that since the assault and battery had been committed willfully by the conductor, and was unprovoked on the part of the defendant in error, the latter was entitled to recover as exemplary damages the sum of $500. The plaintiff in error introduced testimony to the effect that the defendant in error, when the conductor asked him to produce his ticket, not only abused the conductor, but assaulted him by striking him with his fist and taking hold of him in a vio-

lent way, and that what the conductor did was the necessary result of the unprovoked and unlawful conduct on the part of the defendant in error. It is true that the court did submit in a negative way the issue whether the defendant in error was guilty of this character of conduct, but the plaintiff in error having asked the submission of this issue in an affirmative way, the court should have submitted it in that form. The record shows that the plaintiff in error filed its objections to the charge on account of the failure to submit to the jury the following: "Did the plaintiff, Mathews, at and prior to the time there were any licks passed by and between the plaintiff and conductor, Glass, or before there was any altercation between said parties, make an attack upon, or use such abusive language to and towards and concerning conductor Glass as was reasonably calculated to cause a man of ordinary prudence to resent such insults, if any?"

The testimony introduced by the plaintiff in error, if believed, would have been a sufficient basis for the jury to have answered this question affirmatively, and had the jury so answered, under the law of the case as made by the pleadings, a judgment against the defendant in error would have been the legal result, at least, to the extent of relieving plaintiff in error from any liability for exemplary damages. M. K. & T. Ry. Co. v. McGlamory, 89 Tex. 638, 35 S. W. 1058; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Crow v. Monroe (Tex. Civ. App.) 273 S. W. 886; St. L. S. W. Ry. Co. v. Casseday, 92 Tex. 528, 50 S. W. 125; Gulf, C. & S. F. R. Co. v. Mangham, 95 Tex. 417, 67 S. W. 765. It is evident that this issue was raised by the testimony of the witness Glass (the conductor), the witness Meeks, and the witness Carroll, all of whom testified to circumstances indicating that whatever injuries the defendant in error received were the direct result of his own misconduct. Such being the state of the record, the plaintiff in error was entitled to have the issue presented affirmatively. We sustain this assignment.

■ We think another assignment presented in the application must also be sustained. After the trial judge had submitted the issue referring to the amount of damages to which the defendant in error might be entitled, he appended the following: "In passing upon the above issue, and arriving at the amount of the actual damages, if any, sustained by the plaintiff as a direct, natural and proximate

consequence of the assault and battery, if any, committed upon him, you will take into consideration his physical and mental pain and suffering, both past and future, caused by the assault and battery, and the diminished capacity or ability upon the part of the plaintiff occasioned by reason of such assault and battery, to earn money in the future as a direct result of said assault and battery?"

In discussing that portion of the charge which refers to the diminished capacity of the defendant in error, to earn money in the future as a result of the injuries inflicted by the assault and battery, the plaintiff in error in his brief correctly says: "There was no evidence introduced that the plaintiff had lost a day's time, or that by reason of the assault and battery had lost a dollar from the time of the assault up to the date of the trial."

Such being the state of the record, and a jury having found in favor of the defendant in error a sum of money as actual damages, and another sum as exemplary damages, it is impossible to truthfully say that this particular instruction was harmless error. It indicated to the jury that the court was of the opinion that in assessing the amount caused by the assault and battery they might consider the diminished capacity of the plaintiff to earn money in the future, though in fact there was no testimony in the record to justify this statement in the charge. I. & G. N. R. Co. v. Simcock, 81 Tex. 503, 17 S. W. 47. We sustain this assignment. While there are errors which the trial court committed embraced in the application for writ of error relating to the admission of testimony, they are not of sufficient importance to cause a reversal of the case. These errors will not probably occur upon another trial, in consequence of which we do not think it necessary to discuss them. All other assignments are overruled.

We recommend that the judgment of the Court of Civil Appeals affirming that of the district court be reversed, and that the case be remanded to the district court for another trial in a manner not inconsistent with this opinion.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.