## HORTON & HORTON v. HOUSE.
### No. 1143—5435.

Commission of Appeals of Texas, Section B.
June 25, 1930.

King, Wood & Morrow, of Houston, for plaintiff in error.

Fouts, Amerman, Patterson & Moore, of Houston, for defendant in error.

SHORT, P. J.

While the application for the writ of error in this case assigns several errors, alleged to have been committed by the Court of Civil Appeals in its opinion, we only find it necessary to discuss one of them. The opinion of the Court of Civil Appeals is written by Justice Walker of that court, but it appears he disagreed with the majority on the question we will discuss. 13 S.W.(2d) 966.

■ Between five and six o'clock p. m. on the 24th day of September, 1926, in the city of Houston, Harris county, Tex., the defendant in error was riding on the back seat of a five-passenger Ford Car, in the capacity of a guest, driven by the owner, Mrs. Glass, on West Capital avenue, driving west. As the car approached Silver street, which intersects West Capital avenue from the north, and which ends at that point, a heavy truck driven by an employee of the plaintiff in error emerged from Silver street and entered the avenue, intending to turn east thereon, when a collision occurred between the car and the truck, throwing the defendant in error to the street and severely injuring her. Upon a trial to a jury, all of the issues submitted were found in favor of the defendant in error, and a judgment for $1,750 was entered in her favor.

The jury found that the driver of the truck failed to keep a lookout for cars approaching the intersection of Silver street and West Capital avenue from the east just prior to the collision; that he was driving his truck at a greater rate of speed than a person of ordinary prudence would have done under the same or similar circumstances, and that he failed to apply his brakes after entering the avenue; that each of these acts was negligence and a proximate cause of the collision and plaintiff's resulting damages.

The plaintiff in error interposed a general denial and pleaded contributory negligence on the part of defendant in error and also of Mrs. Glass, whom they alleged occupied the relation of coprincipals. The Court of Civil Appeals properly held that the testimony failed to raise the issue of contributory negligence of that of coprincipal.

The plaintiff in error introduced quite a quantity of testimony to the effect that the injury inflicted upon the defendant in error and the resulting damages were occasioned by the negligence of the driver of the Ford car, and that this negligence was the sole proximate cause of the collision. After having introduced this testimony, the plaintiff in error then requested the court to submit these issues to the jury, that is, whether Mrs. Glass was negligent, and whether her negligence was the sole proximate cause of the collision. This request was denied by the trial court, and among other things the plaintiff in error properly presented for review this action of the trial court on this subject to the Court of Civil Appeals. Justice Walker, who wrote the opinion for the majority, announced his individual views to the effect that this refusal to submit these issues was error, but, in obedience to the conclusion reached by the majority of the court, the judgment of the trial court was affirmed, and upon application for writ of error the Supreme Court granted it on account of the conflicts in the opinions of the justices of the Court of Civil Appeals, as well as because of another matter which we do not deem it necessary to discuss.

We agree with the conclusion reached by Justice Walker, as stated in his opinion. This opinion on this subject presents the law applicable to this phase of the case, and renders unnecessary an extended discussion of the question involved.

■■ In a suit of this character, where the jury has found the injuries inflicted were the result of unavoidable accident, the question of negligence passes out of the case. In other words, where the accident is unavoidable, there is no negligence, and yet, though not specially pleaded, where the testimony raises the issue, it is the duty of the court to submit that issue to the jury. A finding that the injury, resulting from an unavoidable accident, is tantamount to a finding that all the material allegations in the plaintiff's petition are not true. In a case of this sort the material allegations are to the effect that the plaintiff has suffered damages as the result of negligence on the part of the defendant, and that such negligence was the proximate cause of the injuries inflicted. Anything disclosed by the testimony offered by either party, which rebuts the proof introduced to sustain any of the material allegations of the plaintiff's petition, is admissible under the general issue, and such testimony having been introduced, and a request duly interposed that the issue raised by the conflicting testimony be submitted to the jury, the court is under the duty to comply with the request, for the reason that the testimony introduced, if found to be true, would demonstrate the failure of the plaintiff to establish all the facts necessary to be established in order to make out a cause of action against the defendant.

■ In a matter of this sort, the plaintiff necessarily says to the defendant: "I have suffered damage on account of your negligence which was the proximate cause of the injury inflicted upon me." Under a general denial, the defendant says: "I deny the truth of your accusation" and where, upon a trial of the issues raised by the testimony, it is found that, while the plaintiff has suffered damage and was not guilty of negligence, yet the negligence which was the sole proximate cause of the damages was that of a third party, for whose acts neither the plaintiff nor the defendant was responsible, the plaintiff is not entitled to recover. In other words, where, upon investigation and finding by a jury, it is discovered that the plaintiff's injuries would not have been inflicted, although the defendant was negligent in the transaction, but for the fact that the sole proximate cause of the injury inflicted upon the plaintiff was the negligent act of some one for whose act the defendant was in no wise responsible, the plaintiff's right to recover is thereby defeated. In order for the plaintiff to recover, it is always necessary to show that the defendant was responsible for the injuries inflicted.

In speaking of the question the Supreme Court of this state, in G., H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534, 538, said in the opinion rendered in that case: "We must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it; and, so regarding it, we are of opinion that a jury might not have understood that the general denial made the issue of unavoidable accident, *or that the injury had occurred in a manner not alleged and claimed by the plaintiff, neither of which issues was expressed in the charge of the court.*" (Italics ours.)

In the case at bar the defendant, by interposing a general denial, and then introducing sufficient testimony to raise the issue, whether plaintiff's injuries and consequent damages were occasioned by the negligence of Mrs. Glass, and whether her negligence was the sole proximate cause of such injuries, became entitled to have a finding by the jury on each of these questions, for the reason that the testimony raised the issue whether Mrs. Glass' conduct was negligence, and whether this negligence was the sole proximate cause of the collision, and a favorable finding on such would be tantamount to a finding that all the material allegations in plaintiff's petition were not true, and therefore the plaintiff had failed to make out a case against the defendants.

■ In the case of Manning v. Sherman, 110 Me. 332, 86 A. 245, 247, 46 L. R. A. (N. S.) 126, Ann. Cas. 1914D, 89, the Supreme Judicial Court of Maine said: "When the injury is the result solely of the negligent act of a third person, who does not stand in such a relation to the defendant as to render the doctrine of respondeat superior applicable, no liability attaches to defendant," and in this case the Court of Civil Appeals finds that the defendant in error occupied no such relation to Mrs. Glass as would impute to her the consequences of any negligent act on the part of Mrs. Glass. Furthermore, the circumstances about which there is no contradiction clearly indicate that the defendant in error was under no legal duty to warn Mrs. Glass of the impending collision, since no opportunity was presented to her of learning of the danger in time to give such warning. Moreover, it is shown that the defendant in error resided outside of the limits of the city of Houston several miles and had only come to the town that day, and was unacquainted with the physical situation of the streets where the collision occurred. Had she and Mrs. Glass been engaged in a joint enterprise, or had the defendant in error failed to warn Mrs. Glass of the consequences of the negligence at a time when it was her duty to do so, the principles of law which we have discussed and approved would not apply to the case. G. H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Colorado & Southern Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; H. E. & W. T. Ry. Co. v. Mathews (Tex. Com. App.) 12 S.W.(2d) 163; Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S. W.(2d) 521; Bragg v. Metropolitan Street Ry. Co., 192 Mo. 331, 91 S. W. 527.

We have considered the assignments of error, not germane to the question we have discussed, presented in the application for the writ of error, and overrule them. But for the error committed by the trial court and the Court of Civil Appeals, as indicated in our opinion, we recommend that the judgment of the Court of Civil Appeals and that of the district court be reversed, and the cause remanded for such further proceedings as may be appropriate and proper, not inconsistent with this opinion.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.