## PARKER v. JAKOVICH.

### No. 10590.

Court of Civil Appeals of Texas. Galveston.

March 10, 1938.

Rehearing Denied March 31, 1938.

Royston & Rayzor, of Galveston (Clarence Eastham, of Galveston, of counsel), for appellant.

Lockhart, Hughes & Lockhart, of Galveston, for appellee.

GRAVES, Justice.

This general statement is taken from the briefs of the parties:

"This was a suit for personal injuries brought by Olia Dean Parker, a feme sole, against K. D. Jakovich, growing out of an automobile collision, which occurred in Galveston county on or about July 1, 1936, around midnight.

"The jury returned a verdict on special issues, and judgment was entered thereon for the defendant, and plaintiff brings this appeal.

"The petition of the plaintiff alleges eleven specific grounds of negligence, but there were only three of these grounds submitted to the jury based on allegation No. 1, to wit, that the defendant was operating his automobile on the highways of the state of Texas around midnight without headlights burning, as required by the laws of the state of Texas, at the time and place and on the occasion in question; and No. 4, that he was operating his car without it being equipped with proper headlights, as required by the laws of the state of Texas. And that he was obstructing a public road and highway without providing proper warning to on-coming vehicles, as is required by the law of the state.

"The defendant's answer contained a general demurrer and general denial and special plea of contributory negligence of the plaintiff, in that there was a joint enterprise, and that four people riding in a coupé made careful driving almost impossible, and that they could see ahead and the character of driving, and that the car was being driven on the wrong side of the road, and at a high and reckless rate of speed, and in not keeping a proper lookout under the facts, because the defendant had stopped his car under a street light, and honked his horn, and tried to attract attention of plaintiff and others.

"Further, the collision was caused solely and proximately by the negligence of those in charge of the car in which plaintiff was riding for the same reasons stated above with the acquiescence of plaintiff.

"At the conclusion of the evidence the plaintiff moved for an instructed verdict, that the jury be instructed to find for the plaintiff and assess the damages under the usual special issue charge on damages in cases of injury of this kind. This was refused, to which plaintiff duly excepted in open court."

The issues submitted, and the jury's answers thereto were these:

"1. Did the act of the defendant, driving without lights, constitute a proximate cause of the collision? This was answered in the negative.

"2. Was the defendant Jakovich guilty of negligence in operating his car without lights? This was answered in the negative.

"3. Was the defendant Jakovich's car stopped on the right-hand side of the road, just west of the bend in the road? This was answered in the affirmative.

"4. Was the stopping of defendant Jakovich's car at the time and place in question negligence? This was answered in the negative.

"5. Did the defendant Jakovich fail to sound his horn as a warning? This was answered, 'He sounded his horn.'

"6. Was the car in which plaintiff was riding being driven at a high and reckless rate of speed? This was answered in the affirmative, and in connection with this issue the jury found that the speed at which the car was being driven was 'not the sole proximate cause of the collision.'

"7. Was the car in which plaintiff was being driven on the wrong side of the road? This was answered in the affirmative, and in connection with this issue the jury answered that it was the sole proximate cause of the collision.

"8. Was the car in which plaintiff was riding sharply cutting a corner immediately before the accident? This was answered in the affirmative, but in this connection it was answered that it was 'not the sole proximate cause of the collision.'

"9. Was the plaintiff guilty of contributory negligence in riding in the automobile with three other persons than herself? This was answered in the affirmative."

In this court appellant relies upon these three main contentions:

"First. It was error for the court to charge the jury placing the burden of proof upon the plaintiff—not engaged in a joint enterprise—to show that the conduct of the driver of the car in which she was riding, and without submitting an issue on his negligence vel non, who was a joint tort feasor, was not the sole proximate cause of the collision.

"Second. That the court erred in submitting the issue of contributory negligence of the plaintiff to the jury, where the undisputed evidence showed that she was not engaged in a joint enterprise, and that her conduct could not be a proximate cause of the collision.

"Third. That it was error for the court not to instruct a verdict for the plaintiff on due motion, where, under the undisput-

ed evidence, the defendant was an admitted violator of the Vernon's Annotated Penal Code of the state of Texas, article 798 and/or article 827a, § 10, which require the headlights on a motor vehicle to be burning while said vehicle is operated on the highways of this state at night, and/or being parked at any time outside of an incorporated town or city on a highway unless a clear and unobstructed view of such vehicle may be obtained from a distance of 200 feet in each direction, which violation was negligence as a matter of law, where the undisputed evidence showed, as a matter of law, that this said negligence was a proximate cause of the collision in question."

■■■ None of 'these contentions, it is determined, should be sustained; indeed, with every issue submitted having thus been answered in favor of the appellee— presumably upon sufficient evidence, since there is no attack upon that ground made upon any one of the findings—no other judgment upon the verdict would have been a proper one; in other words, the facts having been found to be: (1) That the appellee was not guilty of primary negligence, (2) that the driving of the car, in which the appellant was riding, on the wrong side of the road by, the witness Blassengame had been the sole proximate cause of her injury, and (3) that she herself had been guilty of negligence in so riding in a coupé with three other persons, the factual premises for the quoted contentions of the appellant were not properly made out.

■■■ There was nothing involved, or calling for definition as a legal term necessary to the jury's understanding, in the court's basing the inquiry—submitted under much-criticized special issue No. 10— upon the contingency that the car appellant was riding in had been found to be on the "wrong" side of the road at the time of the collision; aside from the fact that as a matter of common knowledge jurors of even ordinary intelligence must be deemed to have known which was the "wrong" and which the "right" side of the road, it had long been the declared criminal law of the state in Penal Code, article 801(A), that the right-hand side of the road in the direction a car was going was the proper side, and the left the wrong side; in this instance, under this No. 10 issue, with the testimony conclusively, if not undisputedly, showing that the cars

had met well-nigh at the curb of the street on the left-hand side of appellant's direction at the time, the jury made the finding she here inveighs so earnestly against, that that had been the sole proximate cause of the collision; the fact that this inquiry— in the particular circumstances attending— was put in negative rather than positive form seems to this court immaterial, since, by well-settled authority (Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984, 985, 986), appellant had the burden of showing what had been the sole proximate cause of her injury, and the jury so determined it to have been exclusively due to her driver's running on the left-hand side of the road; this declaration in the House Case, supra, therefore, becomes directly applicable:

"In a matter of this sort, the plaintiff necessarily says to the defendant: 'I have suffered damage on account of your negligence which was the proximate cause of the injury inflicted upon me.' Under a general denial, the defendant says: 'I deny the truth of your accusation,' and where, upon a trial of the issues raised by the testimony, it is found that, while the plaintiff has suffered damage and was not guilty of negligence, yet the negligence which was the sole proximate cause of the damages was that of a third party, for whose acts neither the plaintiff nor the defendant was responsible, the plaintiff is not entitled to recover. In other words, where, upon investigation and finding by a jury, it is discovered that the plaintiff's injuries would not have been inflicted, although the defendant was negligent in the transaction, but for the fact that the sole proximate cause of the injury inflicted upon the plaintiff was the negligent act of some one for whose act the defendant was in no wise responsible, the plaintiff's right to recover is thereby defeated. In order for the plaintiff to recover, it is always necessary to show that the defendant was responsible for the injuries inflicted."

■■■ The appellant is further inept, it is thought, both in assuming that she was undisputedly shown not to have been engaged in a joint enterprise at the time with her three companions in the car—that issue not having been submitted to the jury, and there being at least some testimony each way about it—and then in undertaking to apply in her own favor the joint tort-feasor doctrine to her accident; in the first place, as indicated, she was not acquitted of having been so negligent along

with the other three persons in the coupé, and what is more material, she neither proved any negligence against the appellee at all, according to the jury's finding upon that fact question, nor did she show herself even entitled to recover against Blassengame, her driver, not having sued him as being accountable to her for the result of this collision, nor having produced any proof whatever that she had not knowingly acquiesced in his conduct at the time; that being true, he was at all events a third party as to her, proof of whose acts as having solely caused the injury showed her not to be entitled to recovery against the appellee, under the quoted principle of the House Case, supra.

Furthermore, this is true, although there was no inquiry made as to whether the act of Blassengame in so driving the car, in which she was riding, on the wrong side of the road was negligence, he being as to her thus a third party; this precise point has been so ruled in Wichita Valley Railway v. Minor, Tex.Civ.App., 100 S.W. 2d 1071, at page 1073, in this pronouncement:

"We understand that the authorities in this state establish the proposition of law that an independent act of a third party may, but does not necessarily have to be negligence in order to be the sole cause of an injury and therefore constitute a defense in cases of this character."

For another reason no other judgment could properly have been rendered upon the verdict, and that is, in addition to the finding—presumptively on sufficient evidence—that the appellee had not been guilty of any negligence at all in stopping his car without a light on the highway in the circumstances confronting him, there was clearly no sufficient proof to upset the further specific finding in that respect in his favor that his act in driving without lights in the particular circumstances did not constitute a proximate cause of the collision; appellant's contrary assumption that he was shown to have been guilty of such violation of the criminal statutes invoked by her as constituted both actionable negligence towards her, and the proximate cause of her injury as a matter of law, finds no support in our authorities; that is, under facts like those here, each of those questions was a separate and independent one of fact rather than of law. 42 Corpus Juris 887; Minnich v. Easton Transit Co., 267 Pa. 200, 110 A. 273, 18

A.L.R. 296, at page 298; Co-operative Furniture Co. v. Southern Surety Co., Tex. Civ.App., 264 S.W. 201; 45 Corpus Juris, 731, § 121, 5 Tex.Jur. 689; Taber v. Smith, Tex.Civ.App., 26 S.W.2d 722, at pages 725, 726; Dixie Motor Corp. v. Swanson, Tex. Civ.App., 41 S.W.2d 436; Paris & G. N. Ry. Co. v. Stafford, Tex.Com.App., 53 S. W.2d 1019, at page 1022.

Further discussion being deemed unnecessary, the judgment will be affirmed.

Affirmed.

PLEASANTS, C. J., absent.