EMMA HICKS v. EDNA BROWN.

No. 7623. Decided May 28, 1941.
(151 S. W. 2d Series, 790.)

*Underwood, Johnson, Dolley & Wilson,* of Amarillo, for plaintiff in error, *Hammond Taxi & Bag. Co.,* and *Morgan, Culton, Morgan & Britton,* of Amarillo for plaintiff in error, Emma Hicks.

The Court of Civil Appeals erred in holding that, as defendant had supplemented its general denial by an affirmative plea that certain acts constituted sole proximate cause, another and different rule would become applicable as to burden of proof and the trial court submit the issue of proximate cause in such manner as to place the burden of proof upon defendant. El Paso Elec. Co. v. Hedrick, 60 S. W. (2d) 761; Miller v. Hooper, 94 S. W. (2d) 230; Stedman Fruit Co. v. Smith, 45 S. W. (2d) 804.

*L. B. Godwin, Works & Bassett,* of Amarillo, for defendant in error.

It was not error for the court to overrule the objection of defendant Hammond Taxi & Baggage Company on the ground that said issue erroneously placed upon said defendant the burden of proof upon the issue of sole proximate cause, for the reason that said defendant having pleaded and undertaken to prove that certain acts on the part of the Yellow Cab constituted the sole or contributing proximate cause of the collision and the resulting injury. Fort Worth & D. C. Ry. Co. v. Rowe, 69 S. W. (2d) 169; Whistler v. Freeman, 62 S. W. (2d) 674; Scroggs v. Morgan, 107 S. W. (2d) 911.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Defendant in error, Edna Brown, sustained personal injuries in a collision at a street intersection in Amarillo between two taxicabs. She was a passenger in a taxicab owned and operated by Emma Hicks, doing business under the trade name of Yellow Cab & Baggage Company. The other taxicab in the collision was owned and operated by Hammond Taxi & Baggage Company, Inc. Edna Brown will sometimes be referred to as plaintiff and the other parties as defendants. Plaintiff filed this suit against both of the defendants alleging specific acts of negligence on the part of each. Upon a verdict of the jury returned in answer to special issues judgment ran in her favor against the two defendants, jointly and severally, in the sum of $1000. As between the defendants the judgment awarded contribution. That judgment was affirmed by the Court of Civil Appeals. 128 S. W. (2d) 884.

Separate applications for writs of error were filed by the defendants and each of them was granted. The opinion of the Court of Civil Appeals contains a full discussion of all of the

questions raised. It is thought that only two questions presented are of such importance as to require further discussion here. Both questions were raised by the Hammond Taxi Company alone. The first concerns the definition of unavoidable accident contained in the court's charge. The definition was as follows:

"You are further instructed, in connection with this Issue, that the term 'unavoidable accident' means such an unexpected catastrophe as occurs without any of the parties thereto being to blame for it, that is, in this case, without either the plaintiff or the driver of the Yellow Taxi Cab or the driver of the Hammond Taxi Cab being guilty of negligence in doing, or permitting to be done, or omitting to do the particular thing that caused such catastrophe."

One objection made to that definition by Hammond Taxi Company was that same was erroneous in that it excluded the theory that the collision could have been an unavoidable accident as between plaintiff and Hammond Taxi Company, although it was brought about by the negligence of the Yellow Cab Company. The objection is overruled.

The position of Hammond Taxi Company is not wholly without support in the authorities. It seems to be directly supported by the opinion of the Waco Court of Civil Appeals in Dallas Railway & Terminal Co. v. Boland, 53 S. W. (2d) 158. Following that decision there has been some confusion in the decisions, but in the late case of Missouri K. & T. Ry. Co. of Texas v. McKinney, 136 Texas 75, 145 S. W. (2d) 1081, this question was directly presented for decision to this court and the contention here advanced by Hammond Taxi Company was disallowed. Because of the uncertain state of the authorities upon the question, we have had a full conference with a free discussion of the question, and have decided to hold, in keeping with the holding in the McKinney case, supra, that if the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident. The fact that the suit is against two alleged tort feasors does not alter the rule. A dispute in the evidence as to whether the injuries resulted alone from the negligence of one of the defendants presents a question of sole proximate cause. Northern Texas Traction Co. v. Woodall (Com. App.) 299 S. W. 220; Montrief and Montrief v. Bragg (Com. App.) 2 S. W. (2d) 276; Horton and Horton v. House (Com. App.) 29 S. W. (2d) 984; Dixie Motor Coach Corp. v. Galvan, 126 Texas 109, 86 S. W.

(2d) 633. But it does not present a question of unavoidable accident.

We consider next the question of whether the issue of sole proximate cause which was raised by the evidence, was properly submitted. In answer to special issues the jury found that the driver of the Yellow Cab, Joe New, was negligent in several separate respects, each of which acts of negligence was found to be a proximate cause of plaintiff's injuries. After the submission of the issues relating to the primary negligence of Joe New and the related issues of proximate cause there was then submitted to the jury the following issue:

"Do you find, from the preponderance of the evidence, that any act or acts of conduct upon the part of Joe New found by you in answering Issues Nos. 1 to 5, inclusive, was the sole proximate cause of the injuries, if any, to the plaintiff?" To this issue the jury answered "No."

One of the objections filed by Hammond Taxi Company to the form of that issue was: "Said issue erroneously places upon this defendant the burden of proof upon the issue of sole proximate cause."

It is its position that, since there was evidence that the negligence of the driver of the Yellow Cab was the sole proximate cause of plaintiff's injuries, then, as a part of plaintiff's case, the burden rested upon her to establish that such act or acts of Joe New were not the sole proximate cause of her injuries. This presents a question upon which we find no direct decision by this Court.

■ The rule is now too well settled in this Court to be longer regarded as open to question that, where the evidence raises an issue that a plaintiff's injuries were the result of an unavoidable accident, the defendant has the right under his pleading of a general denial to have such issue separately submitted to the jury in such manner as to cast upon the plaintiff the burden of proving that his injuries were not the result of such accident. Rosenthal Dry Goods Co. v. Hillebrandt (Com. App.) 7 S. W. (2d) 521; Thurman v. Chandler, 125 Texas 34, 81 S. W. (2d) 489.

It is equally well settled that an issue of sole proximate cause arises under a general denial where there is evidence supporting it, the same as does an issue of unavoidable accident. Horton & Horton v. House, supra; Schumacher Co. v. Shooter, 132 Texas 560, 124 S. W. (2d) 857.

In the Horton-House case, supra, the reasoning employed in arriving at the conclusion that the issue of sole proximate cause is raised by a general denial unerringly leads to the further conclusion that the burden of proof rests upon plaintiff in such issue. It was so held in Parker v. Jakovich, 115 S. W. (2d) 790 (error dismissed). We can perceive of no reason for casting the burden upon plaintiff in an issue of unavoidable accident which does not apply with equal force to an issue of sole proximate cause.

There is force to the argument that sole proximate cause should be submitted as a defense with the burden of proof cast upon the defendant, but that argument runs counter to the reasoning of the above decisions.

■ The opinion of the Court of Civil Appeals, as we understand it, rests not upon a conclusion that generally the burden of proof on such issue is not upon plaintiff, but upon the conclusion that, under the pleadings in this particular case, the defendant, Hammond Taxi Company, assumed that burden. With this latter conclusion we cannot agree. It did plead certain acts of the driver of the Yellow Cab as negligence imputable to the plaintiff, alleging such acts to have been both concurring and sole proximate causes of her injuries; but no such theory of contributory negligence was submitted to the jury. By failing to request issues upon that ground of defense, said defendant waived same. The issue of sole proximate cause was not submitted in response to its pleadings of contributory negligence

It was held in the case of Sproles v. Rosen, 126 Texas 51, 84 S. W. (2d) 1001, that several separate acts claimed to be the sole proximate cause should not be submitted in one issue as in the instant case. The issue in this case was not objected to on that ground and that question is therefore not before us for decision, but in view of another trial we call attention to the above holding.

■ There remains the question of what judgment to enter herein. As indicated above, there was no error in the judgment as between the plaintiff and Emma Hicks. The only error relates to the case as between the plaintiff and Hammond Taxi and Baggage Company. No reason is perceived why a reversal should be ordered of the judgment as between plaintiff and Emma Hicks. It is the proper practice in this situation to affirm the judgment as to one tort feasor and reverse and remand it as to the other. M. K. & T. Ry. Co. of Texas v. Enos, 92 Texas 577, 50 S. W. 928; 3 Tex. Jur. Sec. 815, p. 1159.

It is accordingly ordered that the judgments of the Court

of Civil Appeals and the trial court both be affirmed as between the plaintiff and Emma Hicks, and that in all other respects they be reversed and the cause remanded. The costs of appeal will be adjudged equally against plaintiff and the defendant, Emma Hicks.

The judgments of the courts below are affirmed in part, and reversed in part and the case remanded to the trial court.

Opinion adopted by the Supreme Court May 28, 1941.