Acts 1937, 45th Leg., p. 535, c. 261, § 2, Rev.Stat. Art. 8307b, Vernon's Ann.Civ.St. art. 8307b, provide as follows:

"In the trial of any case appealed to the court from the board the following, if plead, shall be presumed to be true as plead and have been done and filed in legal time and manner, unless denied by verified pleadings:

"(1) Notice of injury;

"(2) Claim for compensation;

"(3) Award of the board;

"(4) Notice of intention not to abide by the award of the board;

"(5) Filing of suit to set aside the award.

"Such denial may be made in original or amended pleadings; but if in amended pleadings such must be filed not less than seven days before the case proceeds to trial. In case of such denial the things so denied shall not be presumed to be true, and if essential to the case of the party alleging them must be proved."

The above statute in plain language provides that if it is alleged by the injured employee that a claim for compensation was filed, such allegation "shall be presumed to be true as plead," and it shall be presumed to "have been done and filed in legal time and manner, unless denied by verified pleadings." We are of the opinion that the statute applies with equal force to allegations showing good cause for a late filing of a claim as it does to an allegation that the claim was filed within the statutory six months' period. In other words, although a claim is not filed within the six months' period, yet if a meritorious excuse is given and good cause is shown for not filing it at an earlier date, it is, in law, filed in time. If the facts alleged with reference to the filing of the claim are sufficient, if believed by the jury, to support a finding of good cause for not filing it sooner, and the insurance company does not, under oath, deny the existence of good cause for the late filing of the claim, then the facts so alleged are considered as true and it will be conclusively presumed that the claim was filed in time. In such a case the insurance company can meet the requirements of the statute either by denying, under oath, the existence of good cause for not filing the claim within the six months' period, or by denying, under oath, the truth of the facts pleaded by the employee as constituting good cause for the delay. We are not here confronted with a case in which the employee's petition failed to allege facts sufficient to justify a late filing of the claim. Here, if the facts alleged are true, the jury could have found that the claim was filed within proper time. Since the insurance company filed no sworn denial, the allegations of the employee's petition must be accepted as true. Consequently there was no need for the injured employee to prove the truth of his allegations, nor to secure a finding of the jury thereon. Southern Underwriters v. Jordan, Tex.Civ.App., 122 S. W.2d 260, 261; Traders & General Insurance Co. v. Porter, Tex.Civ.App., 124 S.W. 2d 900, 902, writ refused; Texas Indemnity Co. v. Briggs, Tex.Civ.App., 128 S.W.2d 861, writ dismissed.

The purpose of the above statute is a wholesome one. It is intended to avoid the necessity of consuming the time of the court in the trial of matters about which there is no good faith contest, so that the court may concentrate its efforts in the solution of the really contested issues. It works no injustice to the insurance company, for it can invoke a trial of any of the matters mentioned in the statute by merely complying with the terms thereof.

The judgments of the trial court and of the Court of Civil Appeals are affirmed.

**HICKS et al. v. BROWN.**

**No. 2361–7623.**

Commission of Appeals of Texas, Section A.

May 28, 1941.

Morgan, Culton, Morgan & Britain and B. L. Morgan, all of Amarillo, for Hicks.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for Taxi & Baggage Co. for plaintiffs in error.

F. P. Works, L. B. Godwin, and James W. Bassett, all of Amarillo, for defendant in error.

HICKMAN, Commissioner.

Defendant in error, Edna Brown, sustained personal injuries in a collision at a street intersection in Amarillo between two taxicabs. She was a passenger in a taxicab owned and operated by Emma Hicks, doing business under the trade name of Yellow Cab & Baggage Company. The other taxicab involved in the collision was owned and operated by Hammond Taxi & Baggage Company, Inc. Edna Brown will sometimes be referred to as plaintiff and the other parties as defendants. Plaintiff filed this suit against both of the defendants alleging specific acts of negligence on the part of each. Upon a verdict of the jury returned in answer to special issues judgment ran in her favor against the two defendants, jointly and severally, in the sum of $1,000. As between the defendants the judgment awarded contribution. That judgment was affirmed by the Court of Civil Appeals. 128 S.W.2d 884.

Separate applications for writs of error were filed by the defendants and each of them was granted. The opinion of the Court of Civil Appeals contains a full discussion of all of the questions raised. It is thought that only two questions presented are of such importance as to require further discussion here. Both questions were raised by the Hammond Taxi Company alone. The first concerns the definition of unavoidable accident contained in the court's charge. The definition was as follows: "You are further instructed, in connection with this Issue, that the term 'unavoidable accident' means such an unexpected catastrophe as occurs without any of the parties thereto being to blame for it, that is, in this case, without either the plaintiff or the driver of the Yellow Taxi Cab or the driver of the Hammond Taxi Cab being guilty of negligence in doing, or permitting to be done, or omitting to do the particular thing that caused such catastrophe."

One objection made to that definition by Hammond Taxi Company was that same was erroneous in that it excluded the theory that the collision could have been an unavoidable accident as between plaintiff and Hammond Taxi Company, although it was brought about by the negligence of the Yellow Cab Company. The objection is overruled.

The position of Hammond Taxi Company is not wholly without support in the authorities. It seems to be directly supported by the opinion of the Waco Court of Civil Appeals in Dallas Railway & Terminal Co. v. Boland, 53 S.W.2d 158. Following that decision there has been some confusion in the decisions, but in the late case of Missouri, K. & T. Ry. Co. of Texas v. McKinney, Tex.Com.App., 145 S.W.2d 1081, this question was directly presented for decision to this court and the contention here advanced by Hammond Taxi Company was disallowed. Because of the uncertain state of the authorities upon the question, we have had a full conference with a free discussion of the question, and have decided to hold, in keeping with the holding in the McKinney case, supra, that if the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident. The fact that the suit is against two alleged tort feasors does not alter the rule. A dispute in the evidence as to whether the injuries resulted alone from the negligence of one of the defendants presents a question of sole proximate cause. Northern Texas Traction Co. v. Woodall, Tex.Com.App., 299 S.W. 220; Montrief & Montrief v. Bragg, Tex.Com.App., 2 S.W.2d 276; Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984; Dixie Motor Coach Corp. v. Galvan, 126 Tex. 109, 86 S.W.2d 633. But it does not present a question of unavoidable accident.

We consider next the question of whether the issue of sole proximate cause which was raised by the evidence was properly submitted. In answer to special issues the jury found that the driver of the Yellow Cab, Joe New, was negligent in several separate respects, each of which acts of negligence was found to be a proximate cause of plaintiff's injuries. After the submission of the issues relating to the primary negligence of Joe New and the related issues of proximate cause there was then submitted to the jury the following issue: "Do you find, from the preponderance of the evidence, that any act or acts of conduct upon the part of Joe New found by you in answering Issues Nos. 1 to 5, inclusive, was the sole proximate cause of the injuries, if any, to the plaintiff?" To this issue the jury answered "No."

One of the objections filed by Hammond Taxi Company to the form of that issue was: "Said issue erroneously places upon this defendant the burden of proof upon the issue of sole proximate cause."

It is its position that, since there was evidence that the negligence of the driver of the Yellow Cab was the sole proximate cause of plaintiff's injuries, then, as a part of plaintiff's case, the burden rested upon her to establish that such act or acts of Joe New were not the sole proximate cause of her injuries. This presents a question upon which we find no direct decision by this court.

The rule is now too well settled in this court to be longer regarded as open to question that, where the evidence raises an issue that a plaintiff's injuries were the result of an unavoidable accident, the defendant has the right under his pleading of a general denial to have such issue separately submitted to the jury in such manner as to cast upon the plaintiff the burden of proving that his injuries were not the result of such accident. Rosenthal Dry Goods Co. v. Hillebrandt, Tex.Com.App., 7 S.W.2d 521; Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489.

It is equally well settled that an issue of sole proximate cause arises under a general denial where there is evidence supporting it, the same as does an issue of unavoidable accident. Horton & Horton v. House, supra; Schumacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857.

In the Horton-House case, supra, the reasoning employed in arriving at the conclusion that the issue of sole proximate cause is raised by a general denial unerringly leads to the further conclusion that the burden of proof rests upon plaintiff in such issue. It was so held in Parker v. Jakovich, Tex.Civ.App., 115 S.W.2d 790, error dismissed. We can perceive of no reason for casting the burden upon plaintiff in an issue of unavoidable accident which does not apply with equal force to an issue of sole proximate cause.

There is force to the argument that sole proximate cause should be submitted as a defense with the burden of proof cast upon the defendant, but that argument runs counter to the reasoning of the above decisions.

The opinion of the Court of Civil Appeals, as we understand it, rests not upon a conclusion that generally the burden of proof on such issue is not upon plaintiff, but upon the conclusion that, under the pleadings in this particular case, the defendant, Hammond Taxi Company, assumed that burden. With this latter conclusion we cannot agree. It did plead certain acts of the driver of the Yellow Cab as negligence imputable to the plaintiff, alleging such acts to have been both concurring and sole proximate causes of her injuries; but no such theory of contributory negligence was submitted to the jury. By failing to request issues upon that ground of defense, said defendant waived same. The issue of sole proximate cause was not submitted in response to its pleadings of contributory negligence.

It was held in the case of Sproles v. Rosen, 126 Tex. 51, 84 S.W.2d 1001, that several separate acts claimed to be the sole proximate cause should not be submitted in one issue as in the instant case. The issue in this case was not objected to on that ground and that question is therefore not before us for decision, but in view of another trial we call attention to the above holding.

There remains the question of what judgment to enter herein. As indicated above, there was no error in the judgment as between the plaintiff and Emma Hicks. The only error relates to the case as between the plaintiff and Hammond Taxi and Baggage Company. No reason is perceived why a reversal should be ordered of the judgment as between plaintiff and Emma Hicks. It is the proper practice in this situation to affirm the judgment as to one tort feasor and reverse and remand it as to the other. Missouri, K. & T. Ry. Co. of Texas v. Enos, 92 Tex. 577, 50 S.W. 928; 3 Tex.Jur. § 815, p. 1159.

It is accordingly ordered that the judgments of the Court of Civil Appeals and the trial court both be affirmed as between the plaintiff and Emma Hicks, and that in all other respects they be reversed and the cause remanded. The costs of appeal will be adjudged equally against plaintiff and the defendant, Emma Hicks.

The judgments of the courts below are affirmed in part, and reversed in part and the case remanded to the trial court.

Opinion adopted by the Supreme Court.