## GOOD v. BORN.

### No. 11646.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 23, 1946.

Rehearing Denied Nov. 20, 1946.

590

Kelley, Looney, McLean & Enochs, L. Hamilton Lowe, E. G. Henrichson, and Ralph T. Rawlins, all of Edinburg, for appellant.

Cox, Taylor & Bentsen, of McAllen, for appellee.

SMITH, Chief Justice.

The suit is for damages to person and property alleged to have been sustained in a collision between two automobiles at the edge of the town of Alamo, on Highway 83 in Hidalgo County. At the point of collision Highway 83 occupies three paved lanes, each eleven feet wide. The day was clear, the road straight. The two cars involved were traveling in opposite directions and, with one possible exception, there was no other traffic to obstruct or confuse the vision of the drivers of the two cars. Earl Born, plaintiff below and appellee here, accompanied by his wife, was traveling east in his car and Walter Good, defendant below and appellant here, was traveling west in his car on the three-lane highway. The accident occurred at or near the eastern edge of the intersection of Wilson Street and Highway 83, in the town of Alamo.

Plaintiff, Born, sued for damages sustained by his wife as a result of the collision. The cause was tried to a jury and submitted on special issues, in answer to which plaintiff was awarded damages against defendant in the sum of $1,050, with interest and costs of suit. Defendant presents his appeal on five points of law, and appellee defends on six counterpoints. The case seems to have been very fully submitted on special issues and is ably and fully presented in this appeal.

In his first point appellant complains of the refusal of the trial court to instruct the jury for appellant, contending in this point that appellee was guilty of contributory negligence, as a matter of law, "in failing to keep a proper look-out for cars on the highway approach from the east." We see no occasion to fully set out the evidence adduced by the parties on this issue but deem it sufficient to say, in our opinion the evidence did not establish appellee's negligence as a matter of law, and the trial court did not err in submitting that issue to the jury, which found for appellee thereon.

For the same reason and upon the same evidence, we overrule appellant's fourth point, in which complaint is made of the refusal of appellant's requested issue inquiring as to whether or not appellee was guilty of contributory negligence in driving his car just before the collision at a speed in excess of that at which a reasonably prudent person would have operated it under the same circumstances. There

is no substantial evidence upon which a jury could have affirmed the answer to the requested issue and therefore the court did not err in refusing to submit it.

We overrule appellant's third point in which he complains of the trial court's refusal to submit his requested special issue inquiring as to whether or not the operation of a third automobile on the highway just prior to the collision was a sole proximate cause of appellee's injury and damage. It is true the jury found that a third car was traveling along the highway at or near the scene of this accident, but further found that appellant failed to ascertain there was sufficient space in which to make a left turn with his car in order to avoid the third car on the occasion in question, before undertaking to make such left turn, and that he failed to give a signal before attempting to make such turn and that such failure was the proximate cause of the accident. We conclude that in submitting these issues the trial court took full and proper care of the question raised by the presence of the third car. Certainly, there was no substantial evidence to warrant submission of a special issue of whether the presence of the third car constituted a sole proximate cause of the accident. We therefore overrule appellant's third point.

We come now to appellant's fifth point in which it is contended that the trial judge erred in refusing to grant appellant's motion for a mistrial "after plaintiff had in fact entered into the case testimony concerning a criminal judgment pending against the defendant growing out of the collision in question." Without setting out the confusing facts relating to the transaction exploited in appellant's fifth point, we deem it sufficient to say that in our opinion no reversible error, if error at all, is disclosed. Rule 434, Texas Rules of Civil Procedure. Particularly was the asserted error rendered harmless by the trial judge's instruction to the jury to disregard the incident in question.

Appellant's second point remains to be considered. In that point appellant contends that the trial court erred in refusing to submit the issue of unavoidable accident, a refuge to which many parties in such cases as this so often retreat. The issue offers an avenue of escape of liability to so many litigants of cases of this character that it is often resorted to, but the situations which justify the submission of that issue occur rarely. In the first place the issue is not pertinent where either party has been guilty of negligence in the situation which results in injury: an unavoidable accident can occur only in the absence of negligence of any of the litigants.

The testimony as to how this accident occurred is clearly cut from both parties. Each contends that he was not guilty of any negligence in the situation resulting in the accident, and that the other was guilty of negligence in numerous respects. The accident was quite simple, since the day was clear, the road was straight and each party testified to facts which if true established no negligence on his part, but only upon the part of his adversary. It is true that appellant testified as to the presence of a third car in the vicinity of the accident. On the other hand, appellee testified point blank that he did not see or know of the presence of the third car. And neither appellant nor any other witness testified that the presence of this third car interfered with or influenced the conduct of either party or contributed to the accident. No witness testified to any fact which would authorize a finding that the accident could be attributed to the proximity or movement of the third car, so its presence cannot be taken into consideration in passing upon the question of unavoidable accident. In fact and in short, the evidence presented no theory under which the accident could have happened in the absence of negligence of either party and in such case the trial judge was warranted in refusing to submit the issue of unavoidable accident. Dallas Ry. & Terminal Co. v. Darden, Tex. Com. App., 38 S.W.2d 777; Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790; Collins v. Smith, Tex. Civ. App., 170 S.W.2d 562, 564. In the language of Mr. Justice Murray of this Court, in the case last cited, "There was no evidence that something other than the negligence of one

of the parties caused the collision and therefore the issue of unavoidoble accident was not raised."

Finding no error in the proceedings below, the judgment is affirmed.