## DALLAS RAILWAY & TERMINAL CO. v. TUCKER.

### No. 13855.

Court of Civil Appeals of Texas. Dallas.

Jan. 16, 1948.

Burford, Ryburn, Hincks & Ford and Howard Jensen, all of Dallas, for appellant.

Thomas H. Howard, of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from judgment of a District Court of Dallas County, Texas, awarding appellee C. D. Tucker damages resulting from injuries sustained by his wife by the negligence of appellant's agent,

servant and employee in operating its bus.

In his original petition, the plaintiff (appellee) alleged that at the time in question his wife was walking north on the sidewalk adjacent to Maple Avenue in the City of Dallas, when one of defendant's (appellant) busses was negligently driven onto the sidewalk and ran into his wife, resulting in her injuries, plaintiff's damages. Several specific acts of resulting negligence were alleged, not necessary to relate here. The defendant answered with several special exceptions to plaintiff's petition, general denial, and special pleas of contributory negligence, unavoidable accident, and "that the wet condition of the street was the sole proximate cause of the accident in question."

The jury, on special issues submitted, found the operator of the bus guilty of negligence in all particulars alleged, and that each proximately caused or contributed to cause plaintiff's wife's injuries; that the collision was not the result of an unavoidable accident, and in reference to question No. 21, "Do you find from the preponderance of the evidence that the wet condition of the street was the sole proximate cause of the collision in question?" answered "No."

The defendant timely excepted to the submission of the above related question No. 21, on the ground that "The same places the burden of proof on the defendant when, under the law, the burden of proof should be·placed upon the plaintiff." The trial court overruled defendant's exception, which is the basis for appellant's primary assignment and point of error.

This appeal is without a statement of facts;· hence we must presume that the evidence supported the submission of all issues presented to the jury, which are raised by pleadings or evidence, as ground for recovery, or of defense. Texas Employers Ins. Ass'n v. Patterson, 144 Tex. 573, 192 S.W.2d 255. And where the issue of sole proximate cause was thus raised, the burden of proof with respect to such issue rested upon plaintiff. Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790; Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984; Schuhmacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857; Parker v. Jakovich, Tex.Civ.App., 115 S.W.2d 790, error dismissed.

In the Hicks-Brown case, supra [136 Tex. 399, 151 S.W.2d 793], commissioner Hickman, now Chief Justice of the Supreme Court, in comment on the burden of proof, had this to say: "In the Horton-House case, supra, the reasoning employed in arriving at the conclusion that the issue of sole proximate cause is raised by a general denial unerringly leads to the further conclusion that the burden of proof rests upon plaintiff in such issue. It was so held in Parker v. Jakovich, Tex.Civ.App:, 115 S.W.2d 790, error dismissed. We can perceive of no reason for casting the burden upon plaintiff in an issue of unavoidable accident which does not apply with equal force to an issue óf sole proximate cause." In consonance with the holding of the Supreme Court, it will be observed here that the issue of unavoidable accident was raised by defendant's pleadings, as well as the issue of sole proximate cause, and the trial court having submitted both issues, we must presume, in absence of statement of facts, that there was evidence to support both issues. The trial judge having correctly submitted the issue of unavoidable accident, casting the burden of proof on that issue upon the plaintiff, it was incumbent upon the court (in like manner) to have submitted the issue of sole proximate cause; and the trial court having erroneously submitted "sole proximate cause" as to cast the·burden upon the defendant, warrants a reversal of this cause.

Appellee contends that the court having correctly submitted the issue of unavoidable accident which under the record could have no other .basis than the wet street, and the jury having found the accident not unavoidable; and that defendant's operator of the bus in question was guilty of the various acts of negligence proximately causing the accident; and on each issue the jury acquitted plaintiff on all alleged contributory negligence, which excludes the idea that the accident was unavoidable or that the wet street was the sole proximate cause, the defendant was not entitled to the additional issue of sole

proximate cause which involves the same defensive elements as are involved in the correctly submitted issues of negligence on the part of defendant's agent, servant and employee. There is force in appellee's contention. Where no statement of facts has been filed, as in this case, indeed, we must assume that there was evidence sufficient for the submission of all the issues; but the assumption that there was evidence raising the issues submitted by the court is not the application of the doctrine of presumed error. However, in Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951, and in Texas Employers Ins. Ass'n v. Patterson, supra, the Supreme Court held, in effect, that the issue of unavoidable accident, based upon the same facts as the issue of sole proximate cause, did not obviate the necessity of submitting both issues; and in the Patterson case, supra [144 Tex. 573, 192 S.W.2d 258], it is said: "There being no statement of facts, we should assume from the action of the court in submitting issues numbered 23 to 29 that there was evidence sufficient to authorize their submission. Had there not been such evidence the trial court would not have submitted them."

So, in the case here, we should assume the evidence sufficient for submission of both of the issues of unavoidable accident and sole proximate cause, or assume that both of such issues are based on facts peculiarly applicable to each, or that the issue of sole proximate cause is incidental to or a component part of the other issues submitted, or that the other issues answered by the jury comprehend the issue of sole proximate cause erroneously submitted. Manifestly, from the pleadings placed in evidence by the defendant, the basic element of "unavoidable accident," was the wet street, and same is also true as to the "sole proximate cause"; however, the presumptive evidence must be indulged that there were facts justifying the court's action in submitting both issues on the same background.

In the case of Blanton v. E & L Transport Co., Tex.Sup., 207 S.W.2d 368, the question arose "Did the finding of unavoidable accident foreclose Blanton's right to a verdict on his issues of primary negligence?" In deciding that question, Mr. Justice Brewster, for the Supreme Court, at page 369 of 207 S.W.2d said: " 'In order to accord each party a fair trial, our rules require that the theories of each party be directly submitted where raised by the evidence, and this right cannot be lost or defeated by jury findings on other issues, which, in effect, indirectly negative a favorable finding on an issue not submitted, but raised by the evidence.' Under parallel facts this court approved the same holding in Dallas Railway & Terminal Co. v. Garrison, Tex.Com.App., 45 S.W.2d 183, and in Colorado & Southern Ry. Co. v. Rowe Tex. Com.App., 238 S.W. 908. If a fair trial requires the submission of all issues raised by the testimony although a finding on some may negative a favorable finding on others, it necessarily follows that a finding on some of the submitted issues does not defeat a litigant's right to have other submitted issues answered, merely because such answers may be conflicting. Otherwise, the verdict would not comprehend 'the whole or all the issues submitted,' as required by Rule 290, Texas Rules of Civil Procedure."

Thus, following the holdings of our Supreme Court in the above Blanton case, and the authorities there cited, appellant was entitled to have the issue of sole proximate cause correctly submitted, regardless as to where the findings of the jury may have resulted in conflicting findings with other issues submitted, and such issue should have cast the burden of proof upon appellee to show that the collision was not the result of the wet street where the accident occurred.

Another ground, upon which appellant assigns error for the reversal of the judgment of the trial court, is based upon argument of plaintiff's attorney to the effect that appellant should have secured the records of Mrs. Tucker's employer if they did not corroborate her testimony. Such argument was, in effect, a direct comment on a vital issue in the case and brings to the attention ex parte hearsay what such records would show corroborative of Mrs. Tucker's testimony. In American Employers' Ins. Co. v. Kellum, Tex.Civ.App.,

185 S.W.2d 113 (writ refused w. o. m.) this court held, on very similar argument, reversible error as to what a doctor would testify, drawing the implication which could be drawn from the doctor's absence that he would tell the truth, and that, too, would not help the defendant. We think the argument here reasonably draws the inference that the employer's records would, if such had been presented, corroborate Mrs. Tucker's testimony. The records were not offered, hence their related contents should not have been left to inference that they would corroborate the facts testified to by Mrs. Tucker.

There are assigned other argumentative statements of plaintiff's testimony, which we shall not give extended attention, as such will likely not occur on another trial.

The judgment is reversed and cause remanded.