**PRIDE OF DALLAS TAXICAB COMPANY et al., Appellants,**

**v.**

**Tommie Lee LAWRENCE by Next Friend, Lela Mae Lawrence et al., Appellees.**

**No. 6340.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 16, 1953.

Rehearing Denied Dec. 14, 1953.

Chaney & Davenport, Dallas, for appellants.

Clifford Craig, Dallas, for appellees.

NORTHCUTT, Justice.

This was an action brought by Lela Mae Lawrence, individually, and as mother and next friend for Tommie Lee Lawrence, a minor, against Pride of Dallas Taxicab Company and Lee Mitchell for damages. Appellees alleged that on or about the 20th or 21st day of August, 1949, Tommie Lee Lawrence was walking down and upon the sidewalk along Metropolitan Street and that on that occasion a taxicab, automobile, and vehicle being operated and driven by Lee Mitchell, an agent, servant, and employee and driver of the defendant, Pride of Dallas Taxicab Company, ran over the curb and onto, into, and upon the sidewalk where Tommie Lee Lawrence was walking and running into, onto, upon, and against Tommie Lee Lawrence and injuring him. Appellees alleged certain injuries caused by such acts and amount of damages done to each appellee, and further alleged several acts of negligence as a proximate cause of the injuries. Appellants answered denying all the allegations of appellees and specially pleaded that on the occasion in question the acts of one Willie Beamon were the cause of the injuries and damage sustained by appellees. In such answer appellants set out some nine acts of negligence on the part of Beamon, each of which appellants claimed was the sole, direct, and proximate cause of the injuries and damage sustained by the appellees. Appellants further pleaded, in the alternative, unavoidable accident. This case was tried to a jury upon special issues and judgment rendered in favor of appellees in the total sum of $5,000 as against appellants, from which judgment appellants have perfected this appeal. This appeal is without a statement of facts.

Appellants present three points of error as to why the case should be reversed. By their first point they contend the court erred in placing the burden of proof upon appellants in the manner Special Issue No. 1 was submitted. Special Issue No. 1 as submitted by the court reads as follows:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that the manner in which the Buick automobile was operated by Willie Beamon, at the time and on the occasion in question, was the sole proximate cause of the injuries sustained by Tommie Lee Lawrence? Answer 'Yes' or 'No'."

Immediately following Special Issue No. 1 the court instructed the jury as follows:

"If you have answered Special Issue No. 1 in the affirmative or 'Yes', then you need not answer Special Issue No. 2; otherwise you will answer Special Issue No. 2."

Special Issue No. 2 was given as follows:

"Special Issue No. 2.

"Do you find from a preponderance of the evidence that as between the plaintiff herein, Tommie Lee Lawrence, and the defendant herein, Lee Mitchell, that the injuries sustained by Tommie Lee Lawrence were not the result of an unavoidable accident?"

It is plain to see that in the submission of the two issues the court placed the burden of proof upon appellants as to Special Issue No. 1 and upon appellees as to Special Issue No. 2. We are of the opinion that the burden of proof was upon appellees as to Special Issue No. 1 and not upon the appellants. The appellants properly excepted to the court's charge on this point and also urged such error in their amended motion for a new trial. We are of the opinion that this exact point has been deter-

mined in the case of Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790, 793, by the Commission of Appeals, which opinion was adopted by the Supreme Court. The court there stated:

"The rule is now too well settled in this court to be longer regarded as open to question that, where the evidence raises an issue that a plaintiff's injuries were the result of an unavoidable accident, the defendant has the right under his pleading of a general denial to have such issue separately submitted to the jury in such manner as to cast upon the plaintiff the burden of proving that his injuries were not the result of such accident. Rosenthal Dry Goods Co. v. Hillebrandt, Tex.Com.App., 7 S.W.2d 521; Thurman v. Chandler, 125 Tex. 34, 81 S.W. 2d 489.

"It is equally well settled that an issue of sole proximate cause arises under a general denial where there is evidence supporting it, the same as does an issue of unavoidable accident. Horton & Horton v. House, supra [Tex. Com.App., 29 S.W.2d 984]; Schu[h]-macher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857.

"In the Horton-House case, supra, the reasoning employed in arriving at the conclusion that the issue of sole proximate cause is raised by a general denial unerringly leads to the further conclusion that the burden of proof rests upon plaintiff in such issue. It was so held in Parker v. Jakovich, Tex.Civ.App., 115 S.W.2d 790, error dismissed. We can perceive of no reason for casting the burden upon plaintiff in an issue of unavoidable accident which does not apply with equal force to an issue of sole proximate cause."

To the same effect is the case of Dallas Railway & Terminal Co. v. Tucker, Tex. Civ.App., 207 S.W.2d 937, 938, where it is said:

"This appeal is without a statement of facts; hence we must presume that the evidence supported the submission of all issues presented to the jury, which are raised by pleadings or evidence, as ground for recovery, or of defense. Texas Employers Ins. Ass'n v. Patterson, 144 Tex. 573, 192 S.W.2d 255. And where the issue of sole proximate cause was thus raised, the burden of proof with respect to such issue rested upon plaintiff. Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790; Horton & Horton v. House, Tex.Com. App., 29 S.W.2d 984; Schuhmacher Co. v. Shooter, 132 Tex. 560, 124 S.W. 2d 857; Parker v. Jakovich, Tex.Civ. App., 115 S.W.2d 790, error dismissed."

Appellants' first point of error is sustained.

■ Appellants' second point of error complains of the action of the trial court in defining the term "sole proximate cause" to mean "the only cause" instead of defining said term to mean the "only proximate cause". We are of the opinion that this contention is correct since there can be only one sole proximate cause and in submitting to the jury other issues as to a proximate cause and at the same time instructing the jury that by "sole proximate cause" it meant the only cause it would be confusing to the jury and should have been given in the charge to mean the "only proximate cause". A charge defining "sole proximate cause" as meaning the "only proximate cause" has been approved by the courts of this state as being correct. In the case of Southern Motor Lines v. Creamer, Tex.Civ.App., 113 S.W.2d 624, 626, in which a writ of error was dismissed, it is stated:

"The court, after defining 'proximate cause,' gave in charge to the jury the following definition of 'sole proximate cause': 'In this connection and in connection with all issues asking about "sole proximate cause", you are in-

172

structed that "sole proximate cause" means the only proximate cause; and you are further instructed that there can be only one "sole proximate cause" in this case.'

"To this charge appellant reserved the following exceptions: 'Defendant objects to the explanatory matter given in connection with special issue No. 24, and subsequent issues, wherein the court instructs the jury that "sole proximate cause means the only proximate cause; and you are further instructed that there can be only one sole proximate cause in this case", because said explanatory matter is in effect a general charge, which is highly improper in a case submitted upon special issues, and because the same is highly prejudicial to the defendant in that it advises the jury of the legal effect of their answers; and in effect deprives the defendant of an opportunity to have the jury pass on the issue relative to the deceased's negligence without reference to whether there can be one or more proximate causes; further because the term "sole" proximate cause does not require a legal definition; the Court having heretofore defined proximate cause, and the word "sole" being a plain, old Anglo-Saxon word, not ambiguous or vague, and having no particular legal significance, it is highly prejudicial to the defendant to have such instruction given the jury.'

"The charge is supported by the following proposition from the opinion of the Supreme Court in Southland Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.2d 326, 329: 'Upon another trial the defensive issues of sole proximate cause, that is, such of them as upon retrial find support in the evidence, should be submitted. Montrief & Montrief v. Bragg, Tex.Com.App., 2 S.W. 2d 276, and cases there cited. * * * The jury should be instructed in connection with the issues of sole proximate cause that there can be only one sole proximate cause of an event.'

"Sproles v. Rosen, 126 Tex. 51, 84 S.W.2d 1001, cited by appellant to support the exceptions, in our judgment supports the court's charge."

Since we are reversing this case for the reasons above set out, we deem it unnecessary to discuss further suggested errors in this cause as they will not likely arise in another trial.

For the reasons assigned the judgment of the trial court is reversed and the cause is remanded.