GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. JAMES J. RIGGS.

No. 1830.     Decided April 29, 1908.

**Requested Instruction—Ignoring Issue.**

A requested charge which directed a verdict for defendant in case of the finding of certain facts was properly refused where it ignored a ground of liability presented by plaintiff's pleading and supported by evidence. (Pp. 522, 524.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from El Paso County.

Riggs, as plaintiff, recovered judgment against the railway company, which appealed and on affirmance obtained writ of error.

*Baker, Botts, Parker & Garwood* and *Beall & Kemp,* for plaintiff in error.

*W. M. Peticolas* and *T. M. & C. H. Jones,* for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

Plaintiff, Riggs, sued the Railroad Company to recover the value of a house which he claimed to have owned in the city of El Paso and which, through the negligence of the Railroad Company, was destroyed. It was alleged that the Railroad Company constructed its track along Main Street in the said city and, in order to control the flow of water which naturally would cross the track, constructed a ditch on the north side of its track and near to where plaintiff's property was situated put in a culvert to carry the water under a street which the railroad crossed. It was alleged that the ditch was too small to accommodate the flow of water which might reasonably have been anticipated would flow into the same and that the culvert was too small to permit the water to flow through it, also that the railroad company had negligently permitted the culvert to become stopped up so that the water would not pass through it and had also permitted the ditch below the culvert to become filled up with

gravel, sand and other material, whereby the water was prevented from flowing through the culvert and from flowing down the ditch and thereby turned the water upon the plaintiff's property, causing the house, which was constructed of adobes, to fall and to be completely destroyed. The value of the house was alleged to be $2,000.

The defendant pleaded general denial and also that it had constructed and maintained a ditch and culvert sufficient to carry off all the water that it could reasonably be anticipated would flow into said ditch, but that the city of El Paso and the Southwestern Railway Company had made changes in the grade of the ground adjacent to the land over which the water naturally flowed into the ditch so that much more water was caused to flow into the ditch than had done so at the time of its first construction, which changes had been made but a short time before the rainfall which caused the injury complained of.

The evidence as to the capacity of the ditch and culvert as originally constructed was conflicting. There was also a conflict in the testimony as to whether the railroad company had permitted the culvert to become stopped up or had permitted the ditch to become stopped up below the culvert so as to cause the water to overflow upon the plaintiff's property. One witness, who was living in the house at the time of the overflow which caused the destruction, stated that he had lived in El Paso for seventeen years and had known of this ditch during all of that time and that it had not been cleaned out below the culvert for fifteen years, and that before this rain fell it did not carry off the water below the culvert but that the water overflowed the railroad track. The testimony was also conflicting as to whether the rainfall on this occasion was unprecedented. The defendant asked the court to charge the jury as follows: "You are instructed that if, from the evidence, you believe that from any raising of the grade or artificial structure, since the construction of the Galveston, Harrisburg & San Antonio Railway ditch and culvert, more water has been thrown or brought into said ditch, and thereby plaintiff's property was injured, you will find for the defendant; if you further believe, from the evidence, that the defendant had provided a ditch and culvert sufficient to carry off and pass the water that might have been reasonably anticipated from previous rains in that locality." The court refused this instruction and the Court of Civil Appeals sustained the action of the court upon the ground that the instruction excluded from the consideration of the jury the ground of negligence charged that the railroad company had failed to maintain its culvert and ditch below the culvert in a proper condition to carry off the water which might reasonably be expected to flow through it. The evidence was sufficient to raise that issue.

The application was granted by this court because we were of opinion that the trial court erred in refusing the special instruction above set out, but upon a careful examination of the facts, we are of opinion that the trial court properly refused the charge and that the Court of Civil Appeals did not err in sustaining the action of the trial court for the reason assigned by the Court of Civil Appeals, that the requested charge excluded from the consideration of the

jury one of the grounds of negligence charged in the petition, upon which evidence had been introduced. · If the instruction had been given the jury might have believed that the railroad company had negligently permitted the culvert and ditch to become obstructed so as to cause the water to overflow and that this caused the injury, yet they must have returned a verdict for the defendant if they believed the ditch and culvert, when constructed, were sufficient.

We find no error in the other assignments presented to this court and therefore the judgment of the Court of Civil Appeals will be affirmed.

The application did not present to this court the question as to the liability of the railroad company for injury caused by the excessive flow of water which was turned into the ditch by the changes in the surface of the ground adjacent thereto in the construction of the track of the Southwestern Railway Company, nor does it present the question of liability for damages which might have been caused by the excessive flow of water on account of an unusual and unprecedented rainfall, therefore neither question is passed upon by this court.

*Affirmed.*