Bash, Appellant, *v.* Reading Cold Storage and Ice Company.

Argued November 10, 1930.

Before Trexler, P. J., Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Samuel E. Bertolet,* and with him *Ellis Brodstein,* for appellant, cited: Trainer v. Saunders, 270 Pa. 451; Hoyt v. Clinton Hotel Co., 35 Superior Ct. 297.

*T. I. Snyder* of *Zieber & Snyder,* for appellee, cited: Eshelman v. Union Stock Yards Co., 222 Pa. 20; Duffy's Garage v. Sweeley, 66 Pa. Superior Ct. 583.

Opinion by Baldrige, J., December 12, 1930:

Prior to 1926, the plaintiff, a dealer in women's apparel, from time to time delivered furs and coats into the exclusive possession of the defendant who operates

a cold storage warehouse in a building in which another tenant occupied the room immediately over the one leased by the plaintiff. The goods were kept in a room especially adapted for that purpose, and upon delivery of receipts the coats or furs called for therein were returned to the plaintiff. In the early part of 1926, the plaintiff stated that he wanted to have a room exclusively for his own goods as they required handling during the season; whereupon, after examination by the plaintiff of a certain room equipped with refrigeration and adapted for the storage of furs, located on the first floor of defendant's plant, he entered into a contract with the defendant in the following form, to wit:

"We will be glad to rent the Storage Room No. 6 to you at the rate of $35.00 per month for storage purposes. The above price does not include insurance on the stored goods."

"Kindly sign the enclosed copy thereby showing your acceptance of the above terms and return the copy to us.

Very truly yours,
Reading Cold Storage and Ice Company,
By Harry C. Reber, Pres.

"Accepted
"William Bash, The Fashion."

A key was given to the plaintiff so that he had access at all times to the room without in any way obtaining permission from the defendant, except that it was necessary for him to use the main entrance of defendant's building which was open during business hours. This arrangement was renewed in 1927, except the rental was increased. The goods were examined from time to time and other goods were placed therein or removed by the plaintiff in accordance with his purposes, which necessitated, at least a portion of the year, a daily entrance to the room. On Saturday,

September 17, 1927, when the room was entered by the plaintiff, it was discovered that there was dripping from numerous places in the ceiling a sticky, discolored liquid which came in direct contact with the coats and damaged a number of them.

This suit was brought alleging that the defendant neglected to perform its duty in allowing the fluid to seep through the ceiling into the room in which the plaintiff's goods were stored. The court entered a compulsory nonsuit as there was no proof of a negligent act upon the part of the defendant or its employes. No evidence was offered that the damage resulted from leaking pipes, faulty refrigeration, or other instrumentalities under its control. The court refused to strike off the nonsuit and this appeal followed.

The appellant contends (1) that the contract was a bailment, and (2) that the goods were in good condition when placed by the plaintiff in storage and were of such a nature that the damage could not ordinarily have occurred without negligence, and the defendant being a bailee for hire, a prima facie case of negligence was made out.

The authorities are not entirely harmonious as to just how comprehensive is the subject of bailments, but they are in accord that a bailment implies a delivery of possession of personal property to a bailee by a bailor, with the obligation on the part of the bailee to redeliver possession.

In our view of this case, the contract was not a bailment but created a legal status of landlord and tenant. The plaintiff rented a room; he had the exclusive possession thereof with the right to use it as he saw fit. The goods were not delivered to or handled by the defendant and it was not even informed when the goods were placed in the room or removed therefrom. No receipts of any character were asked

for or issued. There was no delivery of the possession of personal property by the plaintiff to the defendant; that essential element of a bailment was lacking.

If we assume that there was a relation of bailor and bailee, the burden of proof was upon the plaintiff to establish the alleged negligence as the bailee did not have exclusive possession of the property bailed. The rule of presumption of negligence applied to a bailee is based upon the theory that where the bailee has exclusive possession of the goods, the acts attending loss or injury must be peculiarly within his own knowledge and, therefore, he is required to excuse or justify a failure to return the goods in a proper condition: Zell v. Dunkle et al., 156 Pa. 353 (358); Duffy's Garage v. Sweeley, 66 Pa. Superior Ct. 583.

In the case of Leidy v. Quaker City Cold Storage and Warehouse Co., 180 Pa. 323, relied upon by the appellant, the court held that negligence on the part of the defendant could not be assumed from the mere fact that the goods of the bailor were injured; that the negligent acts or omissions must be affirmatively proven. A recovery was allowed in that case but the bailee had the exclusive possession and there was ample evidence to establish the negligence of the defendant.

Our attention was also called by the appellant to the case of Jones v. Morgan, 90 N. Y. 4 (43 Am. Rep. 131), in which the plaintiff was seeking a safe place to store her furniture. The price fixed was with special reference that the furniture would be under the guard of a watchman by day and a responsible man by night. The goods were stolen by those in charge of the building. The court held that under those circumstances, the defendant as a warehouseman was bound to exercise ordinary care and as he failed to do so, he was responsible for the plaintiff's loss.

In Logan v. Mathews, 6 Pa. 417, the property was in

the possession and under the oversight of the bailee.

Those cases, as well as the safe deposit box cases cited also by the appellant, are not in point and are not in conflict with the generally recognized rule that where there is not exclusive possession, negligence. is not presumed; it must be proven.

Judgment is affirmed.