KAHN & ROLNICK, INC., Plaintiff, *v.* INTERBOROUGH FUR STORAGE Co., INC., Defendant.

Supreme Court, Trial Term, New York County, November 14, 1949.

*Jesse Kahn* for plaintiff.

*Reginald V. Spell* and *Olin S. Nye* for defendant.

HECHT, J. Plaintiff moves for a new trial upon the ground that the court misapplied the law and that its factual findings are against the weight of the credible evidence.

At the conclusion of this nonjury case the court orally gave the following opinion:

" The evidence establishes that the defendant does business as a storage warehouse. It furnishes its customers with three principal types of service: First, it provides facilities for the storage of goods in which it assumes the obligations and liability of a bailee for a certain charge and with a limitation of liability. In this respect it issues a receipt for merchandise, and returns such merchandise only upon surrender of the receipt. Second: It furnishes what has been described as a single garment contract. Third: It leases, as in the instant case, certain space to its customers pursuant to a written agreement (in this case defendant's Exhibit B), wherein it is provided: ' The door giving entrance to tenant's room shall be made fast with a lock, provided by the tenant, who shall have exclusive possession of the key to same. The tenant shall have exclusive possession and control of the tenant's room and the contents

thereof. The landlord shall not keep or be obliged to keep any records or make any reports concerning the merchandise which may be placed in or withdrawn from the said room, and in view of the foregoing, it is expressly understood and agreed that the landlord shall under no circumstances be or become responsible for the contents of the tenant's room or for the condition of the tenant's room, nor shall the landlord be liable for any injuries or loss or destruction whatsoever, of any merchandise which may be at any time in the tenant's room. The tenant shall have access to said room at all times during business hours. The landlord shall have the option, however, to refuse access to tenant's room to any person without satisfactory authority from the tenant, and then only when accompanied by a representative of the landlord, but this provision is not intended to impose any liability in connection therewith.'

" It is further provided that: ' It is further expressly understood and agreed, and tenant hereby so acknowledges, that this instrument is an agreement of lease of a room in the landlord's building, subject to the terms and conditions contained herein, and that the landlord shall under no circumstances be or become subjected to any other than the ordinary and customary landlord's obligations, duties and liabilities.'

" I have concluded from the evidence that there is not present here a bailment, for the reason that there never was a delivery of the goods to the defendant amounting to possession or sole custody. The only analogous case that I have been able to find is *Bash* v. *Ready Cold Storage & Ice Co.* (100 Pa. Superior Ct. 359) which was cited with approval by SEARL, J., in *Cornelius* v. *Berinstein* (183 Misc. 685).

" In the *Cornelius* case (*supra*) plaintiff sued for loss of contents of a locker in a bowling alley. A locker had been rented to plaintiff and a friend, each of whom had a key. The defendant, however, had a master key for all of the 333 lockers in the establishment. On the trial plaintiff proved that neither he nor his friend had lost the key, but that the contents of the locker had disappeared. The court found judgment for the defendant upon the ground that no bailment had been proved because a bailment required a delivery amounting to ' possession ' or ' sole custody '.

" The case of *Jones* v. *Morgan* (90 N. Y. 4) relied upon by plaintiff, is not applicable to the facts herein. In that case there was no written agreement such as we have here which fully sets forth the relationship and obligations of the parties.

" It is clear that the relationship between the parties was that of landlord and tenant as provided for by defendant's Exhibit B. This contract was signed by plaintiff's president, an intelligent and experienced businessman. It is not claimed that it was signed by reason of any fraud, duress or undue influence. Plaintiff's rights stem from this agreement. It has failed to prove (1) that defendant as landlord breached any of the obligations or duties it owed tenant under the lease; (2) that the theft of its merchandise was due to any negligence on the part of the defendant landlord; and (3) its freedom from contributory negligence.

" Judgment for the defendant."

No good reason is shown why the court should change the foregoing opinion. Motion denied.