Mrs. W. H. WALTON et al., Appellants,

v.

LUTHER TRANSFER & STORAGE COMPANY, a Corporation, Appellee.

No. 6549.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 31, 1955.

Rehearing Denied Jan. 30, 1956.

**281**

Crenshaw, Dupree & Milam, Lubbock, for appellee.

PITTS, Chief Justice.

Appellants, Mrs. W. H. Walton, Newton Walton and G. E. Walton, filed suit against appellee, Luther Transfer & Storage Company, a corporation, for alleged damages done to appellants' merchandise consisting of men's clothing and supplies by reason of high water on or about May 6, 1949, while the said merchandise was being kept in storage by appellee for a valuable storage fee in its public warehouse located in Lubbock, Texas. The case was tried to a jury upon special issues submitted and judgment was rendered upon the jury verdict for appellee denying appellants any recovery, from which judgment appellants perfected an appeal. Appellants predicate their principal rights for recovery upon the jury findings which convicted appellee of negligence that proximately caused the flooding of waters which resulted in appellants' damages.

In their pleadings the parties joined issues on the question of appellee's liability to appellants for alleged damages by reason of appellee's negligence in caring for appellants' merchandise under the terms of a warehouseman and depositor relationship agreement between the parties. The case was accordingly tried and the evidence heard after which the material issues raised by the pleadings and the evidence were submitted to a jury, which acquitted appellee of certain alleged acts of negligence not necessary to mention here but, among other findings, the jury found that appellee constructed its warehouse in a low area where ground waters would accumulate after rains; that appellee was negligent in constructing its warehouse with storage basement and outside ramp in a low area where ground waters would accumulate after extensive rains and that such resulting negligence was a proximate cause of the flooding waters. The jury further found that appellee failed to construct the ramp leading to the warehouse basement and the retaining walls to a suffi-

Vickers & Vickers, Lubbock, for appellants.

cient height above the surrounding ground level to prevent flood waters from passing over the said ramp and retaining walls into the basement of appellee's warehouse; that such a failure was negligence which was a proximate cause of the flooding of appellee's basement. The jury likewise found that the alleged damages were not caused by an unavoidable accident but it was found that the rainfall on the night of May 6, 1949, was unprecedented, and that the cash market value of appellants' merchandise, before it was damaged, was $23,000 and was $17,000 after it was damaged. In connection with its charge to the jury the trial court gave any number of definitions and instructions to guide it in its deliberations. Oral testimony of 12 witnesses was heard filling two large volumes of the statement of facts, in addition to any number of original exhibits, among which are several photographs revealing some of the buildings in question, a portion of the construction work, flooded conditions on the occasion in question and other physical facts.

After the evidence closed each party filed a motion for judgment upon the jury verdict. Appellants sought judgment for $6,000, the amount of damages found by the jury, because of appellee's negligence found by the jury to be a proximate cause of the flooding waters which resulted in their damages. Appellants likewise asked that the jury finding of unprecedented rainfall on May 6, 1949, be disregarded. Appellee sought judgment upon the findings of the jury and upon the undisputed facts. In the alternative appellee moved the court to disregard jury findings convicting it of negligence which proximately caused the floods and the finding that appellants' damages by reason of the flood was not an unavoidable accident and render judgment for it. The trial court overruled appellants' motion for judgment but granted the first part of appellee's motion for judgment upon the jury findings and accordingly rendered a "take nothing" judgment against appellants upon the verdict of the jury without setting aside or disregarding any of its findings.

Appellants contend that the evidence was insufficient to support the jury finding of unprecedented rainfall on May 6, 1949, but notwithstanding such finding they still sought judgment for their damages. Appellee contends that the evidence was insufficient to support the jury findings on the issue of unavoidable accident and convicting it of the two acts of negligence which the jury further found to be a proximate cause of the floods, for which reason its motion for an instructed verdict should have been sustained and contends further that its said motion should have been sustained for the reason that appellants' damages were caused by the unprecedented flood, which was an act of God. The trial court did not sustain either of the contentions made concerning the insufficiency of the evidence, but rendered its judgment upon the jury findings.

The evidence reveals that appellee's warehouse in question was located near the intersection of 23rd Street and Avenue E in Lubbock. In considering the contentions of insufficiency of evidence made by the parties respectively, we must consider all of the evidence and surrounding circumstances in a light most favorable to the challenged jury findings, disregarding all evidence and circumstances to the contrary. Applying these necessary rules to the facts and circumstances presented we do not feel that we would be justified in holding that the evidence concerning the issues challenged by the two parties is so one-sided and so conclusive against the issues challenged that reasonable minds of jurors could not differ. Without fully detailing the lengthy evidence it reveals that appellee's president, H. T. Luther, and vice-president and general manager, D. O. Dawkins, were men of long experience in the warehouse and storage business in Lubbock during which time their business establishment had been near the present location which they had occupied for several years before the alleged damages occurred and that appellants had been customers of theirs in the storage business for several years prior to the occurrence in question. They had known of previous big rains which re-

sulted in water accumulating and standing for a period of time in areas surrounding their place of business. They likewise knew of the flood conditions of their warehouse on the occasion in question before the rain ceased and they knew also of the damages done to appellants' merchandise by reason of the flood waters.

Appellee's architect and engineer, L. H. Kirby, who prepared the plans and supervised the construction of the warehouse building in question, testified that he had been engaged in such business in Lubbock for many years and he was familiar generally with the previous rainfall in and around Lubbock and the topography of the land in that area. He likewise knew of previous rainfalls, the flat areas and the danger of flood waters from big rainfalls.

J. G. Wilkerson, who operated a business near appellee's warehouse, testified of his long business experience and observations in and around Lubbock, and particularly of the rainfall on May 6, 1949, and previous local rains. He testified about the flat area in the vicinity in question where waters overflowed in time of big rains; that his store level, some 300 feet from appellee's warehouse, was built up at least 15 inches above the level of the street and the high water got close to running in his store on the occasion in question and that he had seen the water that high in that area on three or four different previous occasions as a result of heavy rains; that storm sewers had been put in to relieve conditions some but he had seen high water floods in that area at least once or twice since the sewer system had been put in.

John L. Scott, Lubbock city assistant engineer, testified from a contour map of the city of Lubbock, to the effect that the intersection of 23rd Street with Avenue E where appellee's warehouse is located is a low area where water would accumulate. The pertinent parts of the contour map is in evidence as an original exhibit.

Don Jones, superintendent for many years of the Lubbock county experiment station, testified from his observations and the records kept by him about the various amounts of rainfall in and around Lubbock and particularly about the flooded areas as a result of the rainfall amounting to 4.65 inches that fell on the night of May 6, 1949. He likewise testified about other previous heavy rainfalls in that area.

In our opinion the foregoing detailed evidence, together with other evidence heard, the photographs and other original exhibits introduced in evidence, is sufficient evidence of probative force to support the jury findings to the effect that the rainfall on the night of May 6, 1949, was unprecedented as well as the findings to the effect that the merchandise in question was not damaged as a result of an unavoidable accident and that appellee's negligence was a proximate cause of the floods in question which resulted in appellants' damages. Appellee contends that its agents could not foresee the danger of the floods, but we must assume that the jury considered the long experience of appellee's agents as warehousemen at or near that very location, the previous floods, the high water marks and other facts of precaution, as well as the experience of their architect who should have been acquainted with contour maps and the lay of the land, and it found against appellee's contentions. We think the evidence is sufficient to support the jury finding and thus bind appellee and this court.

■ Concerning the liability of appellee to appellants as a result of the findings that appellee was guilty of negligence which proximately caused the flood, we must consider such together with the finding of an unprecedented rainfall that caused the flood which resulted in the damages. We think the rule of law governing the matters here presented is well stated by the Supreme Court in the case of Fort Worth & Denver City Ry. Co. v. Kiel, 143 Tex. 601, 187 S.W. 2d 371, 373, in the following language:

"The rule of nonliability of a railway company or person for damages caused by an extraordinary and unprecedented flood is subject to the exception that negligence in constructing

and maintaining a structure, concurring with an extraordinary and unprecedented flood and causing damage to another, makes the railway company or person liable for damages, notwithstanding the fact that the flood was extraordinary and unprecedented. 1 Tex.Jur., p. 700, § 5, and cases cited in footnotes; see also 1 Tex.Jur., p. 703, § 8; Galveston, H. & S. A. Ry. Co. v. Riggs, Tex.Civ.App., 107 S.W. 589, 591; Id., 101 Tex. 522, 109 S.W. 864."

In 43 Tex.Jur. 957, Sec. 40, it is said that:

"A warehouseman enjoys the usual immunity from responsibility for loss or injury suffered through an act of God. That is to say, he is not liable, unless his negligence contributed to the loss, or unless it could have been prevented by the exercise of reasonable foresight and care. The question of responsibility in such cases is usually one of proof."

Such rule is further supported by 56 Amer. Jur. 384, Sec. 136, in the following language used:

"The plea that the injury is the result of "an act of God" will not avail the warehouseman where his negligence gave the physical force an opportunity to operate, or where the warehouseman's own neglect contributes to the injury."

In the case of National Compress Co. v. Hamlin, Tex.Civ.App., 264 S.W. 488, 490, error dismissed W. O. J., 114 Tex. 375, 269 S.W. 1024, the court said in part:

"In order, however, for unprecedented rains to relieve a warehouseman from resultant damages, the evidence must preclude the fact that the damages could be attributable in any degree to the conduct of the warehouseman. In other words, the damages must not have been preventable by human foresight, strength, or care. If a warehouseman's negligence gives an unprecedented rain an opportunity to operate, and this opportunity could have been guarded against by reasonable prudence and foresight and by the use of precaution that careful persons in the same line of business would have used, then the warehouseman is not excused because the rain was unprecedented."

The rules of law so announced are supported by the following additional authorities: Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221, 227; American Ry. Exp. Co. v. Home Star Produce Co., Tex. Civ.App., 276 S.W. 790, 792; Kansas City, M. & O. Ry. Co. v. Blackstone & Slaughter, Tex.Civ.App., 217 S.W. 208, 210; Ft. Worth & D. C. Ry. Co. v. Atterberry, Tex.Civ. App., 190 S.W. 1133, 1134; 1 Tex.Jur. 698–699, Sec. 4, and 700–701, Sec. 5.

In our opinion under the findings of the jury and the law governing such, appellee is liable to appellants for the alleged damages found by the jury in effect to be $6,000 because of the concurrence of appellee's negligence with the unprecedented rainfall on May 6, 1949. Appellants' further assignments claiming more damages by reason of alleged conclusive evidence establishing more damages and their complaint of the trial court's definition of "unprecedented rainfall" are overruled.

 Appellee's contention that the relationship between the parties was that of landlord and tenant and the location and conditions of the warehouse were open and obvious, for which reasons appellants placed their merchandise in the warehouse at their own risk is not well taken since the case was not tried on such theory but it was tried on a different theory earlier herein stated. In the case of Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238, 245, the court held that "it is the rule that parties are restricted in the appellate court to the theory on which the case was tried in the lower court."

For the reasons stated the judgment of the trial court is reversed and judgment is here rendered upon the jury verdict for appellants for damages in the sum of $6,000 with interest thereon as provided for by law. Reversed and rendered.